UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

vs.                                             Case No. 2:98-cr-10-FTM-29DNF

LISNER VOLTAIRE

---

**OPINION AND ORDER**

This matter is before the Court on defendant Lisner Voltaire's Petitioner's Motion to Correct Sentence Pursuant to Federal Rule of Civil Procedure 60(b)(1)(6) Mistake, Fraud, Inadvertence, Excusable Neglect (Doc. #124), filed on December 5, 2005. Defendant seeks to use a Rule 60(b) motion to challenge the constitutionality of a sentencing enhancement for a leadership role, which resulted in a seventeen month sentence increase.

Defendant Lisner Voltaire (Voltaire or defendant) plead guilty pursuant to a written Plea Agreement (Doc. #67) to Count One of a Superceding Indictment charging him with conspiracy to possess with intent to distribute cocaine base. Defendant was sentenced on January 13, 1999 to 151 months imprisonment followed by five years of supervised release. (Doc. #89). No appeal was taken. On November 1, 2001, defendant filed a Motion to Dismiss Indictment Based Upon Jurisdictional Defects, and Simultaneously for Rule 60(b)(4) Relief, Pursuant to 28 U.S.C. § 2255 Civil Procedure (Doc. #106). After a notice, defendant filed an Option to Have the Court

Rule on the Motion as One Exclusively Under Rule 60(b) (Doc. #114). The Court honored defendant's option, did not treat the motion as on filed under § 2255, and denied the Rule 60(b) motion. (Doc. #115).

In the current Rule 60(b) motion, defendant argues that a leadership role enhancement was applied to the calculation of the Sentencing Guidelines in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 125 S. Ct. 2531 (2004), and United States v. Booker, 543 U.S. 220 (2005). Rule 60(b) does not provide for relief from judgment in a criminal case, but applies only to civil actions. United States v. Fair, 326 F.3d 1317 (11th Cir. 2003); United States v. Mosavi, 138 F.3d 1365 (11th Cir. 1998). Therefore, Rule 60(b) cannot provide authorization to consider the Booker related issue.

Contrary to defendant's argument, Booker is not retroactive. The Eleventh Circuit held "that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)), cert. denied, 126 S. Ct. 312 (2005). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). The Court concludes that the Booker type of issue cannot be raised in a Rule 60(b) motion filed in a criminal case.

Defendant asserts that pursuant to Gonzalez v. Crosby, 125 S. Ct. 2641 (2005), a Rule 60(b) motion is the proper procedural

device.  <u>Gonzalez</u> held that a Rule 60(b) motion for relief from judgment in a habeas corpus case brought under 28 U.S.C. § 2254 is properly characterized as a second or successive petition if, among other things, it seeks to add a new ground for relief.  The Eleventh Circuit has extended this to § 2255 cases.  <u>United States v. Terrell</u>, 141 Fed. Appx. 849, 850 (11th Cir. 2005).  Defendant has never filed a habeas petition under 28 U.S.C. § 2255[1], so Rule 60(b) cannot be utilized and <u>Gonzalez</u> does not apply.  Additionally, the issue he now seeks to litigate is a new ground for relief, and the motion cannot be construed as a § 2255 motion because it is untimely.  Therefore, the motion is due to be denied.

Accordingly, it is now

**ORDERED**:

Defendant Lisner Voltaire's Petitioner's Motion to Correct Sentence Pursuant to Federal Rule of Civil Procedure 60(b)(1)(6) Mistake, Fraud, Inadvertence, Excusable Neglect (Doc. #124) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of December, 2005.

Copies:
U.S. Attorney (Molloy, Barclift)
Lisner Voltaire

JOHN E. STEELE
United States District Judge

---

[1] As discussed above, on November 1, 2001, defendant filed a Motion to Dismiss (Doc. #106), which the Court construed as a petition under 28 U.S.C. § 2255 (Doc. #107).  Defendant opted to have the motion treated only as a Rule 60(b) motion only, and not a § 2255 petition (Doc. #114), which the Court did (Doc. #115).