UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    2:98-cr-10-FtM-29DNF

LISNER VOLTAIRE

_____

**OPINION AND ORDER**

     This matter comes before the Court on review of defendant's Notice of Appeal (Doc. #126), filed on January 3, 2006. A January 19, 2006 letter (copy attached) from the Clerk of the Eleventh Circuit Court of Appeals to defendant anticipates an order concerning whether a certificate of appealability will be issued in this case.

     It does not appear that a certificate of appealability is necessary in this case. A certificate of appealability is necessary where a district court denies a Rule 60(b) motion relating to a petition filed under 28 U.S.C. § 2254 because in that context the Rule 60(b) motion may be considered a second or successive § 2254 motion. Gonzalez v. Crosby, 125 S. Ct. 2641, 2648-49 (2005). This has been extended to § 2255 petitions. United States v. Terrell, 141 Fed. Appx. 849 (11th Cir. 2005). In this case, however, defendant attempted to utilize a Rule 60(b) motion to attack his original sentence and the resulting Judgment. In this context, it does not appear that a certificate of appealability is necessary to appeal the denial of the Rule 60(b)

motion.  E.g., United States v. Fair, 326 F.3d 1317 (11th Cir. 2003).

To the extent that a certificate of appealability is required in this case, the Court will deny such a certificate. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 532 U.S. 1009 (2001).

In this action, the Court entered an Opinion and Order (Doc. #125) denying defendant's Rule 60(b) because that rule provided no authority for the Court to modify a judgment in a criminal case. The Court finds that petitioner has failed to show that jurists of

reason would find that the Court was incorrect in its procedural ruling.

Accordingly, it is now

**ORDERED**:

If a certificate of appealability is necessary in this case, then defendant's request for a certificate of appealability, deemed included in the Notice of Appeal (Doc. #126), is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of January, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
USCA
AUSA
Lisner Voltaire